IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| JAMES A. HENSON, JR.,<br>      Plaintiff, | * |
| v. | *<br>CIVIL ACTION NO. RWT-06-2647<br>* |
| DETECTIVE HARTLOVE, et al.,<br>      Defendants. | * |
| ****** | |

## MEMORANDUM

The Court is in receipt of Plaintiff's Complaint, filed pursuant to 42 U.S.C. §1983. Paper No. 1. Plaintiff alleges that Detective Hartlove and the Annapolis City Police Department improperly seized his property. He further asserts that Anne Arundel County Circuit Court Judge Pamela North presided at his trial. Paper No. 1. He does not allege any wrong doing on the part of Judge North. Even if he did, his complaint against her is subject to dismissal.

The defense of absolute immunity extends to "officials whose special functions or constitutional status requires complete protection from suit." Harlow v. Fitzgerald, 457 U.S. 800, 807 (1982). Judges, whether presiding at the state or federal level, are clearly among those officials who are entitled to such immunity. See Stump v. Sparkman, 435 U.S. 349 (1978). Because it is a benefit to the public at large, "whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences," Pierson v. Ray, 386 U.S. 547, 554 (1967), absolute immunity is necessary so that judges can perform their functions without harassment or intimidation. "Although unfairness and injustice to a litigant may result on occasion, 'it is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself.'" Mireles v. Waco, 502

U.S. 9, 10 (1991), quoting Bradley v. Fisher, 13 Wall. 335, 20 L.Ed. 646 (1872). Moreover, the law is well-settled that the doctrine of judicial immunity is applicable to actions filed under 42 U.S.C. § 1983. Stump, 435 U.S. at 356.

In determining whether a particular judge is immune, inquiry must be made into whether the challenged action was "judicial," and whether at the time the challenged action was taken, the judge had subject matter jurisdiction. See Stump, 435 U.S. at 356. Unless it can be shown that a judge acted in the "clear absence of all jurisdiction," absolute immunity exists even when the alleged conduct is erroneous, malicious, or in excess of judicial authority. Id. at 356-57.

A review of Plaintiff's allegations against Judge North does not compel the conclusion that she acted in clear absence of jurisdiction. Rather, Plaintiff's lawsuit is exactly the type of action that the Pierson Court recognized as necessitating the doctrine of judicial immunity. In apparent disagreement with actions and decisions at the state court level, this pro se litigant has turned to this forum to assert allegations of unconstitutional acts against a state court judge. Because judicial immunity precludes the Plaintiff's recovery against Defendant, sua sponte dismissal of Plaintiff's claims against the Honorable Pamela L. North is appropriate. Plaintiff's claims against Detective Hartlove and the Annapolis City Police Department shall proceed. A separate Order follows.

November 6, 2006                                         /s/
Date                                                Roger W. Titus
                                                    United States District Judge